# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **KENNETH A. SHAW,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 7:06-cv-89 |
| : | |
| **B. H. ELECTRONICS, INC.,** : | |
| : | |
| Defendant. : | |

## ORDER

Plaintiff Kenneth A. Shaw ("Shaw") filed his pro se Complaint (doc. # 2) in the Court on September 7, 2006. In addition, Shaw filed a Motion to Proceed In Forma Pauperis (doc. # 1) and a Motion for Appointment of Counsel (doc. # 3). For the reasons set forth below, the Motion to Proceed In Forma Pauperis is granted in part and the Motion for Appointment of Counsel is denied.

### I.    MOTION TO PROCEED IN FORMA PAUPERIS

The two-step procedure a district court follows in processing a complaint filed pursuant to 28 U.S.C. § 1915 is well established.

> Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute. . . . Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious.

Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).

Dockets.Justia.com

Here, Shaw submitted a financial affidavit in which, under penalty of perjury, he attested to his financial condition. A review of Shaw's affidavit reveals that he is currently employed earning $1,360.00 a month, that his wife receives an Aid to Families with Dependent Children payment of $155.00 a month, and that he owns a 1997 Chevrolet Lumina valued at about $1,200.00. The filing fee required for civil actions filed in this Court is $350.00. In the opinion of the Court, Shaw has sufficient assets and/or income to pay a portion of this amount. Accordingly, the Complaint may be filed without prepayment of the entire $350.00 fee, but Shaw is required to pay $100.00. The Court must now analyze whether Shaw's claim is frivolous, malicious or meritless.

Shaw asserts that his employer, Defendant B. H. Electronics, Inc., promoted him but later revoked his promotion and rewarded it to another individual based on race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). Taking Shaw's allegations as truthful, which the Court is obliged to do at this stage in the litigation, the Court finds his claim is not frivolous, malicious or meritless and therefore need not be dismissed under § 1915(e)(2)(B).

## II.    MOTION FOR APPOINTMENT OF COUNSEL

Plaintiffs do not have a constitutional right to counsel in civil cases. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). However, 42 U.S.C. § 2000e–5(f)(1) authorizes a district court to appoint an attorney for a complainant in a Title VII action "in such circumstances as the court may deem just." The United States Court of Appeals for the

Eleventh Circuit has noted that when determining whether to appoint counsel in a Title VII action, "[t]he district court may consider, *inter alia,* the merits of the complainant's claims of discrimination and the efforts taken by the complainant to obtain counsel. . . . [as well as] the ability of the complainant to understand the relevant substantive and procedural issues." Hunter v. Dept. of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988) (citation omitted).

Here, in support of his request, Shaw argues that his poverty and lack of legal knowledge entitle him to legal counsel. (Doc. # 3 at 1.) Shaw also states he has "requested legal help from many attorneys in the area but none would take my case without a retainer fee." (Id.) Despite Shaw's bare allegations, the Court finds insufficient evidence that Shaw is unable to understand the relevant substantive and procedural issues presented by his case. Furthermore, there is very little in the record at this time from which the Court can assess the merits of Plaintiff's case. Shaw has failed to persuade the Court that the circumstances of this case are such that appointment of counsel is warranted at this time. Shaw's Motion for Appointment of Counsel is denied.

**III. CONCLUSION**

Shaw's Motion to Proceed In Forma Pauperis (doc. # 1) is granted in part; his Motion for Appointment of Counsel (doc. # 3) is denied.

The Court hereby orders Shaw to pay a partial filing fee of $100.00. Shaw shall have forty-five (45) days from the date of his receipt of this order to pay the required partial filing fee to the clerk of court or to explain why he is not able to do so. Failure to make the

required partial payment or to provide satisfactory explanation shall result in the dismissal of this lawsuit. There shall be no service in this case until further order of the Court.

**SO ORDERED**, this the 2nd day of October, 2006.

<u>s/   Hugh Lawson</u>
**HUGH LAWSON, JUDGE**

pdl