# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **KENNETH A. SHAW,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-89 |
| **B. H. ELECTRONICS, INC.,** | : | |
| Defendant. | : | |

# ORDER

There are currently six documents before the Court which require its attention: a Motion for Default Judgment (Doc. 9) filed by Plaintiff Kenneth A. Shaw ("Shaw"), a Motion for Extension of Time Within Which to Answer the Complaint (Doc. 12) filed by Defendant B. H. Electronics, an Answer (Doc. 13) filed by B. H. Electronics, a "Motion for Extension Of Time Within which to prepare motion for Default Judgement [sic] & Plaintiff's Complaint in proper Affidavit format" (Doc. 14) filed by Shaw, an Amended Complaint (Doc. 15) filed by Shaw and an Amended Motion for Default Judgment (Doc. 16) filed by Shaw. For the reasons set forth below, the Motion for Default Judgment (Doc. 9) is denied, the Motion for Extension of Time Within Which to Answer the Complaint (Doc. 12) is granted, B. H. Electronics' Answer (Doc. 13) is accepted, the "Motion for Extension Of Time Within which to prepare motion for Default Judgement [sic] & Plaintiff's Complaint in proper Affidavit format" (Doc. 14) is denied as moot, the Amended Complaint (Doc. 15)

1

filed by Shaw is stricken, and the Amended Motion for Default Judgment (Doc. 16) is denied.

**I.    BACKGROUND**

On September 7, 2006, Shaw filed a *pro se* Complaint (Doc. 2) alleging Title VII claims. After Shaw paid a partial filing fee as ordered, the United States Marshals Service served a copy of his Complaint. On November 22, 2006, a waiver of service of summons (Doc. 7) was executed on behalf of B. H. Electronics by Harry E. Haddad, the Secretary of the company. Pursuant to Federal Rule of Civil Procedure 4(d)(3), by executing the waiver B. H. Electronics had 60 days from November 22, 2006 to serve an answer or a motion under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 4(d)(3). More than six months passed after B. H. Electronics signed the waiver of service of summons, and there was no action in the case whatsoever by either party.

As a result, the Court entered an Order to Show Cause (Doc. 8) demanding that Shaw explain to the Court why he had failed to take any actions to prosecute his case, such as seeking a default judgment. The Court's Order prompted a flurry of activity from both parties. Shaw filed a timely Motion for Default Judgment (Doc. 9) and a timely Response to the Court Order (Doc. 10). Not to be outdone, B. H. Electronics filed a Response to the Motion for Default Judgment (Doc. 11), a Motion for Extension of Time Within Which to Answer the Complaint (Doc. 12) and an Answer (Doc. 13). Shaw then filed a "Motion for Extension Of Time Within which to prepare motion for Default Judgement [sic] & Plaintiff's Complaint in proper Affidavit format" (Doc. 14), an Amended Complaint (Doc. 15), and an

Amended Motion for Default Judgment (Doc. 16).

## II. ANALYSIS

### A. Motion for Default Judgment

The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). In order to obtain a judgment of default, a plaintiff may apply to the clerk of the court or to the Court itself. Fed. R. Civ. P. 55(b). The stringent standard by which a district court should evaluate a motion for default judgment in this Circuit is clear:

> Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions. There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court.

Owens v. Benton, 190 Fed. Appx. 762, 763 (11th Cir. 2006) (citations and quotations omitted).

In the present case, Shaw has applied directly to the Court for an entry of default in the form of a pair of motions. While Shaw correctly asserts that B. H. Electronics failed to answer his Complaint in a timely manner, a party making a request for default judgment is not entitled to a default judgment as a matter of right. Shaw makes no additional argument in favor of default, and he does not assert that B. H. Electronics' failure to file an answer prejudiced him in any way.[1] See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d

---

[1] Indeed, Shaw only filed his motions for default judgment at the prompting of the Court.

1309, 1317 (11th Cir. 2002) (upholding a district court's denial of a motion for default judgment where the plaintiff failed to show prejudice). The United States Court of Appeals for the Eleventh Circuit has a strong policy of determining cases on their merits, and defaults are seen with disfavor. See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984). Accordingly, Shaw's Motions for Default Judgment are denied.[2] As a result of the denial of these Motions, Shaw's "Motion for Extension Of Time Within which to prepare motion for Default Judgement [sic] & Plaintiff's Complaint in proper Affidavit format" (Doc. 14) is necessarily denied as moot.

### B. B. H. Electronics' Answer

When it filed its Response to Shaw's first Motion for Default Judgment, B. H. Electronics simultaneously filed a Motion for Extension of Time Within Which to Answer the Complaint (Doc. 12) and an Answer (Doc. 13). In light of the Court's denial of Shaw's Motions for Default Judgment and the Eleventh Circuit's policy that cases should be determine on their merits, B. H. Electronics' Motion for Extension of Time Within Which to Answer the Complaint (Doc. 12) is granted, and its Answer (Doc. 13) is accepted.

### C. Shaw's Amended Complaint

---

[2] The Court notes that had it already entered default judgment in this case and then been faced with the affidavit submitted by B. H. Electronics (Doc. 12-3), it might have struggled to accept as "good cause" some of the explanations offered therein to excuse Defendant's failure to file a timely answer. While the Court has no reason to doubt that Defendant's failure to file an Answer was unintentional and not done for any purpose of delay, it sincerely questions how B. H. Electronics understood the Court's two previous Orders (Docs. 4, 5) to excuse it from its fundamental responsibility to file a timely answer. B. H. Electronics and its counsel are urged to parse the Court's future orders carefully to avoid future misunderstandings.

4

Pursuant to Federal Rule of Civil Procedure 15(a), a party may move to amend its pleading after a responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The decision whether to grant leave to amend is within the sound discretion of the trial court." Jameson v. Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996). The Supreme Court of the United States has emphasized that despite this broad trial court discretion,

> [i]f the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Shaw has filed a document, entitled "Complaint," and the Court construes the filing as an attempt to file an Amended Complaint. Shaw filed the document after B. H. Electronics filed its Answer, which constitutes a responsive pleading. Accordingly, Shaw may no longer simply file an Amended Complaint as a matter of course. See Fed. R. Civ. P. 15(a). However, Shaw got the permission of neither B. H. Electronics' nor the Court before filing this amendment. Therefore, Shaw's Amended Complaint (Doc. 15) is improper and is stricken. However, should Shaw wish to refile an Amended Complaint, and should that Amended Complaint be accompanied by either written consent of B. H. Electronics or

a motion seeking leave of the Court to amend, the Court will revisit this matter.

## III. CONCLUSION

The Motion for Default Judgment (Doc. 9) and the Amended Motion for Default Judgment (Doc. 16) are denied. The "Motion for Extension Of Time Within which to prepare motion for Default Judgement [sic] & Plaintiff's Complaint in proper Affidavit format" (Doc. 14) is denied as moot. The Motion for Extension of Time Within Which to Answer the Complaint (Doc. 12) is granted, and B. H. Electronics' Answer (Doc. 13) is accepted. The Amended Complaint (Doc. 15) filed by Shaw is stricken, and the Clerk of Court is directed to remove it from the record.

**SO ORDERED**, this 17th day of July, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl